**\*NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| JAMES BAKER, | : | |
| | : | Civil Action No. 11-360 (SDW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CITY OF ELIZABETH, et al., | : | |
| | : | July 8, 2015 |
| Defendants. | : | |
| | : | |

**WIGENTON**, District Judge:

Presently before the Court is Defendants' motion to dismiss Plaintiff's complaint.   (ECF No. 54).   Plaintiff, James Baker, filed a brief in opposition (ECF No. 55), to which Defendants replied.   (ECF No. 56).   Plaintiff thereafter filed a response to Defendants' reply.   (ECF No. 57, 58).   For the following reasons, this Court will deny Defendants' motion to dismiss as to Plaintiff's illegal search and excessive force claims, but will grant the motion as to Plaintiff's malicious prosecution claim, which will be dismissed without prejudice.


## I.  BACKGROUND

The following allegations are drawn from Plaintiff's "Second Amended Complaint" (ECF No. 39), and are accepted as true for the purposes of this opinion only.  On October 2, 2009, Plaintiff, after dropping off several associates in Elizabeth, New Jersey, drove another associate, Mr. Knowles, towards Newark, New Jersey via highways 1 & 9.  (ECF No. 39 at 1).  While waiting at a red light on the highway, a police vehicle pulled out of a gas station into the lane

behind Plaintiff's car.   (*Id.*).   Several more marked and unmarked police vehicles swiftly joined the police car, and Plaintiff and Knowles were removed from Plaintiff's vehicle.   (*Id.*).   Plaintiff was arrested and charged with reckless driving and possession of heroin.   (*Id.*).   After he was released on bail, Plaintiff was additionally charged with eluding the police and possession of a bag of heroin which police claim was discovered alongside a watch and $ 468.00 on the passenger side floor of Plaintiff's car.   (*Id.*).   Plaintiff maintains that the police's assertion that the heroin was found in his car is false.   (*Id.*).   Those charges proceeded to trial, and Plaintiff was apparently found not guilty of heroin possession but was convicted of eluding the police.   (*Id.*).

Following Plaintiff's arrest on October 2, 2009, Officer Paul Pasternak of the Elizabeth police had Plaintiff's car impounded.   (*Id.* at 2).   Plaintiff's vehicle was held until January 14, 2010, when Plaintiff paid $ 3,011 for the vehicle's return.   (*Id.*).   Plaintiff alleges that Officer Pasternak had the vehicle illegally wiretapped while it was impounded as a means to spy on Plaintiff.   (*Id.*).

Plaintiff further alleges that at 8:00 a.m. on November 12, 2009, he picked up a friend, Ms. Torrado, and her daughter from his mother's home and brought them to a hospital on Broad Street in Elizabeth, New Jersey.   (*Id.*).   While driving Torrado and her daughter, Plaintiff noticed that he was being followed by a black SUV.   (*Id.*).   This SUV continued to follow Plaintiff after he dropped his passengers off at the hospital.   (*Id.*).   Plaintiff alleges that he then pulled over to the road side and exited his vehicle at which point the SUV "came at [him] full speed as if to hit [Plaintiff]."   (*Id.* at 2-3).   Plaintiff alleges that he therefore "jump[ed] back into his vehicle and [drove away in] fear of being attacked."   (*Id.* at 3).   Plaintiff further states that the vehicle, which apparently was a police SUV which then contained Defendants Officers McDonough, Diorio, and

2

Flatley, rammed into the rear of his vehicle without reason and attempted to run him off the road without turning on police lights or otherwise identifying itself as a police vehicle. (*Id.*). Plaintiff asserts that the officers continued to ram into his vehicle as he traveled through residential areas and onto the highway until they succeeded in running him off the road in Linden, New Jersey, where Plaintiff crashed into two parked cars and a pole. (*Id.*). Plaintiff alleges that the officers did this "deliberately, intentionally and maliciously [in an attempt to] kill . . . or seriously injure [him] with . . . unlawful excessive force." (*Id.*). Plaintiff also claims that, as a result of the accident, he suffered injuries to his legs, neck, and back. (*Id.*).

Following the accident, Plaintiff was arrested and charged with eluding the police. (*Id.*). Plaintiff alleges that, in his police report, Officer McDonough "fabricated [his account] of Officer Diorio coming to [P]laintiff's car window [and] seeing a bundle of heroin that [Plaintiff] was about to hand to [an alleged buyer]." (*Id.*). Plaintiff further contends that Officer McDonough also fabricated his claim that Plaintiff threw the drugs out of his car while on the highway. (*Id.*). Plaintiff further alleges that since these events, he, his friends, and alleged witnesses in support of his criminal defense for eluding arrest have been harassed, threatened, and assaulted as part of an organized campaign against Plaintiff because he owns and drives a Cadillac Escalade. (*Id.* at 3-4).

Plaintiff initially filed a complaint in this matter in January of 2011. (ECF No. 1). In early February 2011, Plaintiff filed an amended complaint. (ECF No. 2, 3). This Court denied Plaintiff's application to proceed *in forma pauperis* and administratively terminated Plaintiff's complaint on July 27, 2011, for failure to pay the required filing fee. (ECF No. 9). Although Plaintiff was given 30 days to pay the fee or refile his application, he took neither option, instead

requesting an extension of time to pay the fee on August 19, 2011.  (ECF No. 11).  Plaintiff finally paid the fee on February 13, 2013.   (ECF No. 14).

On March 1, 2013, Plaintiff filed a new amended complaint raising approximately twenty claims.  (ECF No. 15).  Following a motion to dismiss certain claims by Plaintiff, this Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.  (ECF No. 24, 25).  Following screening, this Court dismissed all but four of Plaintiff's claims on September 20, 2013.  (ECF No. 25).

Plaintiff once again filed an amended complaint on August 22, 2014, reasserting both the four surviving claims and several of the claims this Court had previously dismissed.  (ECF No. 36).  On September 3, 2014, then Magistrate Judge Arleo ordered that the previously dismissed claims again be dismissed and instructed Plaintiff to refile his amended complaint in accordance with her order.  (ECF No. 37).  Plaintiff thereafter filed his "Second Amended Complaint" on September 26, 2014, asserting four claims pursuant to 42 U.S.C. § 1983: that Defendant Officer Turner planted heroin in his car during the October 2, 2009, incident; that Defendant Pasternak illegally searched and seized his vehicle by illegally wiretapping Plaintiff's car while it was impounded; that Defendants McDonough, Flatley, and Diorio used excessive force in running Plaintiff off the road during the November 12, 2009, incident; and that Officers Mikros, McDonough, and Smith harassed and intimidated Ms. Torrado to prevent her from testifying in his defense.  (ECF No. 39 at 5-6).  Following a telephone conference in which Plaintiff abjured his claims against Mikros and Smith on the record, this Court dismissed those two Defendants on

January 14, 2015.[1]   (ECF No. 52, 53).   Defendants thereafter moved to dismiss Plaintiff's complaint on February 6, 2015.   (ECF No. 54).


## II.  DISCUSSION

### A.  Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).   According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   To survive a motion to dismiss for failure to state a claim, a complaint must allege "sufficient factual matter" to show that its claims are facially plausible.   *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Dempster*, 764 F.3d at 308 (quoting *Iqbal*, 556 U.S. at 678).   Moreover, while *pro se* pleadings

---

[1]  Although counsel for Defendants asserts that this Court's order dismissed Plaintiff's fourth claim (as numbered in the "Second Amended Complaint, ECF No. 39 at 6) in its entirety, the order dismissed that claim formally only as to Defendants Mikros and Smith.   The status of that claim as to Defendant McDonough is not entirely clear at this time, but because Defendants have not moved to dismiss the claim as to Officer McDonough, this Court does not address the issue further in this Opinion.

are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## B.   Analysis

42 U.S.C. § 1983 provides "private citizens with a means to redress violations of federal law committed by state individuals." *Woodyard v. Cnty. Of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013).   To assert a claim under the statute, Plaintiff must show that he was deprived of a federal constitutional or statutory right by a state actor.   *Id.*   When evaluating the merits of a § 1983 claim, courts must "identify the exact contours of the underlying right said to have been violated" and determine "whether the plaintiff has alleged a deprivation of a constitutional right at all."   *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)).   Three of Plaintiff's claims are at issue here:   Plaintiff's claim that evidence was planted in his car following the October 2, 2009 incident; Plaintiff's assertion that his car was illegally wiretapped in violation of Plaintiff's Fourth and Fourteenth Amendment rights; and Plaintiff's claim that three of the Defendants used excessive force in violation of his Fourth and Fourteenth Amendment rights in running his car off the road during the November 12, 2009, incident.   This Court will address each of these claims in turn.

## 1.   Plaintiff's claim that Officer Turner planted heroin in his vehicle following the October 2, 2009, incident

Defendants first seek dismissal of Plaintiff's planted evidence claim against Officer Turner.

In their motion, Defendants argue that this claim must be dismissed as the heroin possession charge was presented to a grand jury and ultimately resulted in Plaintiff's indictment, though not his conviction for possession of heroin.   Essentially, Plaintiff seeks to bring a claim for malicious prosecution against Officer Turner.[2]   A claim for malicious prosecution under § 1983 arises out of the protections of the Fourth Amendment.   *Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014).   A plaintiff states a claim for malicious prosecution where he alleges that

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered [a] deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Id.*

Defendants argue that Plaintiff's claim must be dismissed against Officer Turner because the prosecutor and grand jury both found the evidence against Plaintiff to be sufficient to proceed against him on the heroin possession charge.   This argument, however, is misguided.   "It is settled law that 'officers who conceal and misrepresent material facts to the district attorney are not insulated from a § 1983 claim for malicious prosecution simply because the prosecutor, grand jury, trial court, and appellate court all act independently to facilitate erroneous convictions."   *Id.* at 297 (quoting *Pierce v. Gilchrist*, 359 F.3d 1279, 1292 (3d Cir. 2004)).   So long as the officers in question "influenced or participated in the decision to institute criminal proceedings, they can

---

[2]  This Court recognizes that the fabrication of evidence can give rise to a stand-alone claim separate and apart from malicious prosecution under certain circumstances, *see Halsey*, 750 F.3d at 291-95.   Those circumstances are absent, however, where, as here, the plaintiff was acquitted of the charge arising out of the allegedly fabricated or planted evidence.   *Id.*

be liable for malicious prosecution." *Id.* Here, Plaintiff asserts that the heroin possession charge was entirely the result of the allegedly planted heroin evidence placed in his vehicle by Officer Turner who ultimately misrepresented the source of the heroin in his reports to the prosecutor. Thus, Plaintiff has adequately pled that Officer Turner at least influenced the decision to institute criminal proceedings through his alleged misrepresentations.   So long as Plaintiff has pled the remaining elements, then, Turner could plausibly be found liable for malicious prosecution, regardless of what conclusions the prosecutor or grand jury reached in this case.   *Id.*

Liberally construing his *pro se* pleadings, Plaintiff has plausibly pled the first four elements of a malicious prosecution claim: that Officer Turner at least influenced his being charged with possession of heroin, that the matter terminated in his favor as he was acquitted of possession,[3] that Turner lacked probable cause to suspect Plaintiff possessed heroin in so much as he allegedly provided the heroin "planted" in Plaintiff's vehicle, and that Turner acted maliciously in planting the evidence in the hopes of convicting Plaintiff of crimes beyond eluding the police.   As such, whether Plaintiff has pled a plausible claim for relief depends on whether he has adequately pled the final element of a malicious prosecution claim: that he suffered a sufficient deprivation of liberty as a result of Turner's actions.   Although Plaintiff states that he was taken into custody and eventually released on bail, he was arrested not only on the drug related charge, but also on the

---

[3] This Court recognizes that, where the charges arise out of the same occurrence, a conviction on one charge can prevent a plaintiff from claiming that he achieved a favorable termination as to another charge of which he was acquitted.   *See Kossler v. Crisanti*, 564 F.3d 181, 188 (3d Cir. 2009).   As pled, however, the possession of heroin charge which Plaintiff claims was maliciously brought stems from conduct separate from his act of eluding the police, and it therefore appears that Plaintiff's eluding conviction would not necessarily prevent a favorable termination as to the heroin charge.

eluding charge.    Thus, without more information, it appears that Plaintiff would have been arrested, and thus suffered the alleged deprivation of liberty, regardless of the fabricated charge. As such, Plaintiff has not adequately pled the final element of a malicious prosecution claim, and that claim must therefore be dismissed at this time.    *See, e.g., Johnston v. Ontorato*, Civil Action No. 09-1681, 2010 WL 936732 (W.D. Pa. Mar. 11, 2010) (plaintiff jailed on other additional charges has not suffered an adequate deprivation of liberty as he would have been in jail regardless of the maliciously brought charge); *see also Kundratic v. Thomas*, 407 F. App'x 625, 629 (3d Cir. 2011) (rejecting argument that a deprivation of liberty suffered due to multiple charges can be readily be attributed to one specific charge for which the plaintiff seeks relief under § 1983); *Shelley v. Wilson*, 152 F. App'x 126, 129 (3d Cir. 2005) (suggesting that where a plaintiff's alleged deprivation would have occurred because of other charges of which the plaintiff was found guilty, no deprivation occurs sufficient to support a malicious prosecution charge).    Plaintiff's malicious prosecution charge will therefore be dismissed without prejudice.[4]

### 2.  Plaintiff's Illegal Search claim

Defendants next seek the dismissal of Plaintiff's illegal wiretap claim against Officer Pasternak.   Defendants assert that Plaintiff has failed to adequately plead anything more than unadorned legal conclusions as to this claim, and that it therefore fails to meet the requirements of

---

[4] Defendants do not specifically argue that the claim should be dismissed for lack of a deprivation, instead arguing more generally that Plaintiff has not pled a plausible claim.   To the extent that this Court's focus on the deprivation element is more specific than the arguments raised, this Court is authorized to dismiss this claim under its *sua sponte* screening authority pursuant to 28 U.S.C. § 1915A.

*Iqbal*.   The Fourth Amendment, applicable to the states through the Fourteenth Amendment, protects "the rights of the people to be secure in their persons, houses, papers, and effects, against unreasoanble searches and seizures."   *See* U.S. CONST. amend IV; *see also Mapp v. Ohio*, 367 U.S. 643 (1961).   Under the Fourth Amendment, a search occurs whenever "an expectation of privacy that society is prepared to consider reasonable is infringed."   *Moore v. Dow*, Civil Action No. 11-281, 2011 WL 2182115, at *7 (D.N.J. June 2, 2011) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)).   Under the Fourth Amendment, a search is "per se unreasonable" unless it is conducted under the auspices of a warrant issued upon probable cause absent a specific exception otherwise authorizing the search.   *Id.*; *see also Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973).   A plaintiff therefore states a claim for relief under the Fourth Amendment and § 1983 where he adequately pleads that a state actor performed a search of his person, home, or possessions without a warrant or probable cause.   *See Castro v. Perth Amboy Pol. Dep't*, Civil Action No. 13-3376, 2014 WL 2299301, at *2 (D.N.J. Jan. 21, 2014) (citing *Reedy v. Evanson*, 615 F.3d 197 (3d Cir. 2010)).

In his complaint, Plaintiff alleges that Officer Pasternak, without authorization or a warrant, illegally wiretapped his car while it sat in the police impound lot.   Plaintiff further suggests that this was done in order to monitor and harass him.   Plaintiff has therefore pled that he was subject to a search, in so much as Pasternak wiretapped his vehicle and used that tap to observe Plaintiff, and that the officer did so without authorization.   Although Plaintiff's complaint does not specifically state that the officer acted without a warrant or without probable cause, Plaintiff does plead that the wiretap was illegal, and that the officer performed this action in order to deprive Plaintiff of his rights.   Construing the *pro se* complaint liberally, *see Mala*, 704 F.3d at 245, this

Court finds that Plaintiff has sufficiently pled a plausible claim for the violation of his Fourth Amendment rights. *Castro*, 2014 WL 2299301 at *2; *Iqbal*, 556 U.S. at 678. This Court will therefore deny Defendants' motion to dismiss as to Plaintiff's illegal search claim at this time.

### 3. Plaintiff's Excessive Force claim

Finally, Defendants argue that this Court should dismiss Plaintiff's Excessive Force claim in light of his conviction for eluding the police following the November 12, 2009, incident. Where a judgment in favor of the plaintiff in a civil suit brought pursuant to § 1983 "would necessarily imply the invalidity of a prior criminal conviction, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Lora-Pena v. F.B.I.*, 529 F.3d 503, 505 (3d Cir. 2008); *see also Heck v. Humphrey*, 512 U.S. 477, 484-87 (1994). An excessive force claim, however, does not by its very nature necessarily attack the arrest or conviction of a prisoner as such a claim does not require that the use of force itself was unlawful, only that the amount of force used to effectuate a prisoner's arrest exceeded the amount reasonably necessary under the circumstances. *Lora-Pena*, 529 F.3d at 506; *see also Nelson v. Jashurek*, 109 F.3d 142, 145-46 (3d Cir. 1997). The Third Circuit has, on multiple occasions, held that even the validity of a conviction for resisting arrest is not necessarily implicated by an excessive force claim arising out of the same incident. *Lora-Pena*, 529 F.3d at 506; *Nelson*, 109 F.3d at 145-46; *see also Garrison v. Porch*, 376 F. App'x 274, 277-78 (3d Cir. 2010). The question, then, is whether Plaintiff's current allegations of excessive force would necessarily impugn his conviction for eluding the police, or if, as in *Lora-Pena*, Plaintiff's claim only asserts that officers exceeded the level of force that was reasonably necessary to effect

Plaintiff's arrest under the circumstances.

Plaintiff asserts that the officers used excessive force in running him off the road. The use of force by a police officer in the context of an arrest is governed by the Fourth Amendment. *Suarez v. City of Bayonne*, 556 F. App'x 181, 186 (3d Cir. 2014). The use of force to effectuate a seizure of a plaintiff or the plaintiff's arrest "'contravenes the Fourth Amendment if it is excessive under objective standards of reasonableness.'" *Id.* (quoting *Bennett v. Murphy*, 274 F.3d 133, 136 (3d Cir. 2002)). The use of force is not actionable where the actions of the police officers are objectively reasonable in light of the facts and circumstances confronting the officers when viewed from the perspective of a reasonable officer at the scene facing those circumstances. *See Lamont v. New Jersey*, 637 F.3d 177 (3d Cir. 2011); *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004); *Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004). Plaintiff states a claim for excessive force if he can show that the officers used an amount of force that was unreasonable under the circumstances, even if *some* lesser amount of force would have been perfectly reasonable under the circumstances. Thus, Plaintiff's claim would be *Heck* barred only if a finding that the amount of force used was reasonable was a necessary part of his conviction.

Plaintiff was convicted of second degree eluding a police officer in violation of N.J. Stat. Ann. § 2C:29-2(b). Pursuant to the statute, any person who, "while operating a motor vehicle on any street or highway in [New Jersey,] . . . knowingly flees or attempts to elude any police or law enforcement officer after having received any signal from such officer to bring the vehicle . . . to a full stop . . . is guilty of a crime of the second degree if the flight or attempt to elude creates a risk of death or injury to any person." N.J. Stat. Ann. § 2C:29-2(b). A defendant is therefore guilty of second degree eluding under New Jersey law where he (1) knowingly flees or attempts

to elude the police while driving on a street or highway, (2) after having received a signal from the police officer indicating he should stop, and (3) his flight "creates a risk of death or [physical] injury to any person." *See State v. Thomas*, 900 A.2d 797, 808 (N.J. 2006).   There is no requirement that the defendant knowingly create the risk of death or injury, it is sufficient that the risk, however unintended it may have been, resulted from his flight. *Id.*   No element of the crime requires a showing that the officers who stop such a defendant use reasonable force.   As such, a victory for Plaintiff on his excessive force claim would not necessarily imply the invalidity of his conviction for eluding police, and as such his claim is not barred by the *Heck* doctrine.   *Lora-Pena*, 529 F.3d at 506; *Nelson*, 109 F.3d at 145-46.   This Court will therefore deny Defendants' motion as to this claim.[5]

---

[5]  This Court notes, however, that the statements made by Plaintiff during his plea colloquy, although beyond the scope of this motion to dismiss, *see Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 772 (3d Cir. 2013) (courts deciding motions to dismiss "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based on these documents."); *Marshall v. Keansburg Borough*, Civil Action No. 13-0533, 2013 WL 6095475, at *1 n.1 (D.N.J. Nov. 20, 2013) (convictions are considered public records, but perusal of plea colloquies would require conversion of a motion to dismiss into one for summary judgment), would present strong evidence that the force used was justified and reasonable at summary judgment or trial.   *See Scott v. Harris*, 550 U.S. 372, 386 (2007) (a "police officer's attempt to terminate a dangerous high-speed chase that threatens the lives of innocent bystanders does not violate the Fourth Amendment, even when it places the fleeing motorist at risk of serious injury or death").

**III. CONCLUSION**

For the reasons stated above, this Court will deny Defendants' motion to dismiss as to Plaintiff's illegal search and excessive force claims, but will grant the motion as to Plaintiff's malicious prosecution claim.   An appropriate order follows.


s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:   Clerk
cc:      Magistrate Judge Steven C. Mannion
           Parties

14