UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES BAKER,

    Plaintiffs,

v.

CITY OF ELIZABETH,

    Defendant.

Civil Action No. 11-0360 (CCC)

OPINION AND ORDER

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on motions filed by Plaintiff James Baker ("Plaintiff") to compel the production of certain documents and responses to interrogatory requests. [Docket Entry Nos. 130, 137]. Defendants James Diorio ("Diorio"), Kevin McDonough ("McDonough"), Paul Pasternak ("Pasternak") and Chris Flatley ("Flatley") (collectively referred to as "Defendants") oppose Plaintiff's motions. [Docket Entry No. 131-134, 144]. For the reasons set forth below, Plaintiff's motions to compel are denied in part, and granted in part.

**I.    BACKGROUND**

The parties and the Court are all thoroughly familiar with the facts underlying this litigation. As such, they shall not be restated at length herein.[1] Plaintiff filed his "Second Amended Complaint" in this action on September 26, 2014. [*See* Docket Entry No. 39]. After an adjudication of Defendants' Motion to Dismiss, only Plaintiff's unlawful search and excessive force claims remained. [*See* Docket Entry No. 60.] The Court also previously dismissed the City

---

[1] A substantive history of the relevant facts and procedural history of this matter can be found in the Court's July 8, 2015 Order. [Docket Entry No. 60.]

of Elizabeth, Elizabeth Police Department, and the Union County Prosecutors Office from this action.  [Docket Entry No. 25].

On March 11, 2016, Plaintiff filed his motion to compel (the "March 11, 2016 Motion to Compel") seeking several categories of documents from the Defendants.  [Docket Entry No. 130]. These documents were requested via Plaintiff's Requests for Documents at Docket Entry No. 114. First, Plaintiff seeks the internal affairs files, interviews, complaint files, and use of force reports from November 1, 2007 through November 1, 2012 for Defendants Flatley, Diorio, and McDonough.  [*See id.*]  Plaintiff argues that these files could show a pattern of excessive force used by the Defendants, and may also be relevant for credibility purposes.  [*See id.*]  Plaintiff also seeks: (1) any and all pursuit driving training records and/or evaluations related to Defendants Flatley, Diorio, and McDonough; (2) harassment complaints filed against all Defendants (3) any and all radio transmission tapes, transcripts, daily activity sheets, vehicle log sheets and related documents for the events occurring on November 12, 2009; (4) documents evidencing the policies and procedures for the use of informants, and phone records for any informants used by Defendants; (5) documents evidencing the policies and procedures used when holding civilian vehicles; and (6) training guides, manuals, or other similar material which give information relevant to the investigation or arrest at issue in this action.  [*See id.*]

Defendants oppose the March 11, 2016 Motion to Compel on a number of bases.  [*See* Docket Entry No. 131-134].  Defendant Diorio argues that he is currently retired and not in the possession of the requested documents.  [*See* Docket Entry No. 131].  He further argues that the documents are either irrelevant to this action or are confidential.  [*See id.*]  Lastly, he argues that the internal affairs files and police personnel records are subject to the "law enforcement privilege."  [*See id.*]  Defendant McDonough joins in Officer Diorio's opposition.  [*See* Docket

Entry No. 132]. Defendant Pasternak argues that there was no internal affairs investigation of the incidents alleged by Plaintiff in his Complaint. [*See* Docket Entry No. 133]. He further represents that no tapes or transcripts exist for the events occurring on November 12, 2009. [*See id.*] Moreover, Plaintiff has been provided with the Elizabeth Police Department's case files for both arrests that are the subject of the Complaint. [*See id.*] Defendant Flatly argues, like Diorio, that he is retired and has no access to the documents at issue. [*See id.*] He further argues that the documents requested are confidential, and cannot be maintained as confidential if produced—even if a discovery confidentiality order were entered in this case—because Plaintiff is a resident of the East Jersey State Prison. [*See id.*] As such, it is unlikely that any documents produced to Plaintiff could be maintained as confidential within the prison. [*See id.*]

Subsequently, on May 4, 2016, Plaintiff filed a second motion to compel (the "May 4, 2016 Motion to Compel") arguing that Defendants failed to adequately provide responses to Plaintiff's discovery requests. [*See* Docket Entry No. 137]. Specifically, Plaintiff argues that Defendant McDonough failed to provide proper responses to interrogatories 1, 3, 5, and 8. [*See id.*] Plaintiff also argues that Diorio did not provide adequate responses to Plaintiff's second set of interrogatories. [*See id.*] Similarly, he argues that Pasternak has not provided responses to Plaintiff's second set of interrogatories or produced documents responsive to questions 3, 5, 6, and 7 of his first set of discovery. [*See id.*] Since that time, McDonough has advised that he has amended his answers to the interrogatory requests at issue. [*See* Docket Entry No. 145]. Diorio has advised that responses to Plaintiff's second set of interrogatories were sent to Plaintiff on May 13, 2016. [*See* Docket Entry No. 144]. Nevertheless, Plaintiff continues to argue that adequate responses have not been provided to his discovery requests. [*See* Docket Entry No. 147].

3

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26 governs the scope of discovery in federal litigation and provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 26 is to be construed liberally in favor of disclosure, as relevance is a broader inquiry at the discovery stage than at the trial stage. *Tele–Radio Sys. Ltd. v. De Forest Elecs., Inc.,* 92 F.R.D. 371, 375 (D.N.J. 1981). While relevant information need not be admissible at trial in order to grant disclosure, the burden remains on the party seeking discovery to "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). Upon a finding of good cause, a court may order discovery of any matter relevant to a party's claims, defenses or the subject matter involved in the action. "Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.,* 173 F.3d 188, 191 (3d Cir. 1999). Discovery requests may be curtailed to protect a person from whom discovery is sought from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

## III. DISCUSSION

*A. The March 11, 2016 Motion to Compel*

With regards to Plaintiff's requests for internal affairs and personnel files from Defendants Diorio, Flatley, and McDonough, those requests are denied. Both Diorio and Flatley have asserted

4

that they are retired. McDonough, joining in Diorio's opposition to this motion, asserts the same bases of opposition. Given that a party is required to produce only documents as to which they have possession, custody or control under Federal Rule of Civil Procedure 34, these Defendants would not be in control of their personnel or internal affairs files in light of their retirement. As such, Plaintiff's request for these documents is denied. Similarly, Plaintiff's other requests for documents from these Defendants are denied on the same basis.

As for Plaintiff's requests for harassment complaints, the only party that may have these documents in his possession, custody, or control is Pasternak. Plaintiff argues that Pasternak continuously harassed Plaintiff by impounding his vehicle for three months to plant an illegal wiretap in the vehicle. [*See* Docket Entry No. 39]. Pasternak provides no opposition to this category of documents. As these complaints may show a pattern and practice of harassment— which would be relevant to the case at hand—the Court is reluctant to deny this request. Nevertheless, the Court is aware that such documents may be confidential. To the extent that they are, the Court directs the parties to submit a Discovery Confidentiality Order for this Court's approval prior to producing any responsive documents. The parties may redact these documents as they deem appropriate under the Discovery Confidentiality Order. While the Court is cognizant that Plaintiff is a prisoner, the Discovery Confidentiality Order and appropriate redactions should protect the confidential nature of the documents.

As for Defendants' position that the documents are protected by the law enforcement privilege, this Court is not convinced. Here, the claim of privilege has not been "asserted by the head of the agency claiming the privilege after he or she has personally reviewed the material and submitted 'precise and certain reasons for preserving' the confidentiality of the communications."

*See Torres v. Kuzniasz*, 936 F. Supp. 1201, 1210 (D.N.J. 1996). As such, the Defendants have failed to provide adequate support for the assertion of the law enforcement privilege.

Next, Plaintiff's request for any and all radio transmission tapes and transcripts for the events occurring on November 12, 2009 is denied as moot. Defendant Pasternak has represented that there are no radio transmission tapes or transcripts from the November 12, 2009 incident.

On the other hand, Pasternak is directed to produce any daily activity sheets, vehicle log sheets, and related documents relevant to the November 12, 2009 incident. Plaintiff has alleged that the Defendants used excessive force against him by ramming a police operated vehicle into his. As such, to the extent that these documents have not been produced and are in the possession, custody, or control of Pasternak, they should be produced.

Plaintiff's request for documents related to any alleged informant is denied. Plaintiff argues that this information is necessary because the Defendants have indicated that they received a call from an informant regarding his "criminal" activities. But he does not explain how this is relevant to his claims for excessive force or unlawful search. Indeed, the Complaint is devoid of any claims that involve an "informant." As such, this request is denied.

Plaintiff's last category of documents relates to documents evidencing the policies and procedures used when holding civilian vehicles and other training guides, manuals, or similar materials relevant to the investigation or arrest at issue in this action. As these documents would be indicative of whether the Defendants conducted an unlawful search, those documents are relevant. Accordingly, Pasternak shall produce said files to the extent that they have not been produced, and are within his possession, custody, and/or control.

*B.  The May 4, 2016 Motion to Compel*

With respect to the May 4, 2016 Motion to Compel, Plaintiff has represented that McDonough "did answer said interrogatories in this matter." Accordingly, the portions of the May 4, 2016 Motion to Compel directed at McDonough are denied as moot.

As for Diorio, this Court is satisfied with Officer Diorio's responses to the second set of interrogatories. In response to interrogatories 1-4 and 7—all of which relate to the events of November 12, 2009—Officer Diorio directs Plaintiff to the police reports. Considering the time since the events took place, the answers provided by Diorio are understandable in view of his memory of the details of the events. [*See* Docket Entry No. 90]. Moreover, these interrogatory responses can be explored further at deposition. As such, Plaintiff's request for more specific answers as to Diorio's interrogatory responses is denied.

Now focusing on Pasternak, Plaintiff argues that Pasternak has not provided responses to his second set of interrogatories or provided documents responsive to his first set of discovery requests. With regards to the first set of discovery requests, this issue has already been addressed by the Court. In his January 19, 2016 motion for sanctions, Plaintiff took issue with the Defendants production of documents. [*See* Docket Entry No. 82.] Upon review of the disclosures made by the Defendants, the Court was "satisfied that plaintiff has been provided with the documents relevant to this case." As such, Plaintiff's request for documents is denied as moot. As for Plaintiff's request for responses to his Second Set of Interrogatories, Pasternak has not opposed this motion. Accordingly, to the extent that they have not already been provided, Officer Pasternak is directed to respond to Plaintiff's second set of interrogatories.

### III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 11th day of October, 2016,

**ORDERED** that Plaintiff's March 11, 2016 Motion to Compel [Docket Entry No. 130] is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Plaintiff's May 4, 2016 Motion to Compel [Docket Entry No. 137] is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that the Clerk of Court is to terminate the motion at Docket Entry Nos. 130 and 137.

   s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**